Filed 3/22/24  P. v. Elie CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHAD THOMAS ELIE,<br><br>  Defendant and Appellant. | D081898<br><br><br>(Super. Ct. No. SCE245883) |

APPEAL from an order of the Superior Court of San Diego County, Selena D. Epley, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal, Lynne G. McGinnis and Susan Elizabeth Miller, Deputy Attorneys General for Plaintiff and Respondent.

Chad Thomas Elie appeals an order denying his petition for resentencing under former Penal Code section 1170.95 (now section 1172.6)[1] based on changes to the felony murder rule and the natural and probable consequences doctrine (Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019)). He contends the superior court erred by denying his petition at the prima facie stage "because, based on the [jury] instructions given, the jury could have convicted [him] based on the acts of a co-participant and imputed the co-participant's malice to him." We affirm the court's order.

FACTUAL AND PROCEDURAL SUMMARY

A. *Facts*

The statement of facts is taken from this court's nonpublished opinion, *People v. Elie* (Nov. 18, 2008, D049404).

On the night of July 31, 2004, Michael Major was in the driveway of a residence. A group of four or five males arrived in a vehicle. One of the males yelled "MK," which stands for the "Murder Krew" criminal street gang, and the group then began shooting. Major, who was standing in the driveway about six feet from the assailants, was shot in the leg as he fled up the driveway. Major was in substantial pain and for about one month walked with a severe limp. At the time of trial his activities continued to be restricted because of the injury.

At trial, Major identified Elie as one of the shooters, testifying that he recognized Elie's voice saying, "MK." Major also recognized Elie's face among the men, who all had guns and shot at him.

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute throughout as section 1172.6.

Elie presented an alibi defense. His father and his brother's girlfriend testified Elie was at his residence celebrating his brother's birthday the night of July 31, 2004.

The jury convicted Elie of attempted murder (§§ 664, 187, subd. (a)) and assault with a firearm, (§ 245, subd. (a)(2)), with true findings on personal firearm discharge causing great bodily injury (§§ 12022.53, subd. (d), 12022.5, subd. (a), 12022.7, subd. (a)) and gang enhancements (§ 186.22, subd. (b)(1)). The court sentenced him to a 34-years-to-life term: nine years for attempted murder, and 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)).

B. *Senate Bill No. 1437*

After Elie's judgment became final, the Legislature approved Senate Bill No. 1437, which went into effect January 1, 2019. Senate Bill No. 1437 significantly limited the scope of the felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine through two key provisions. First, Senate Bill No. 1437 amended section 189 so that "[d]efendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life[.]' " (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Second, it amended section 188 to provide that when the felony-murder rule does not apply, a principal in the crime of murder can only be convicted if he or she acted "with malice aforethought," and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also created a resentencing procedure, which is now set forth in section 1172.6. (Stats. 2018, ch. 1015, § 4.) Under section

3

1172.6, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1172.6, subd. (a).)

A petitioner initiates the process by filing a declaration averring that: (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder, natural and probable consequences murder, murder under another theory by which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder; and (3) the petitioner could not presently be convicted of murder or attempted murder because of the changes to the murder laws that were implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(1)-(3), (b)(1).) If the petitioner states a prima facie case for relief, the court must issue an order to show cause and schedule an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction, recall the sentence, and resentence the petitioner on any remaining counts. (*Id.,* subds. (c), (d)(1).)

At the hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder

4

under the amended laws.  (§ 1172.6, subd. (d)(3).)  "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."  (*Ibid.*)

C.  *The Resentencing Proceeding*

In 2022, Elie filed a petition to have his attempted murder conviction vacated and to be resentenced under section 1172.6.

The district attorney opposed the resentencing petition and argued it should be summarily denied because it failed to state a prima facie case for relief.  The district attorney argued Elie was ineligible for resentencing as a matter of law because he was not convicted as an aider or abettor under the natural and probable causes doctrine, but rather as an actual perpetrator who acted with the intent to commit the crimes.

Elie, through his appointed legal counsel, filed a reply in which he generally asserted that he stated a prima facie case for relief.  At the prima facie review hearing, Elie's counsel argued that although Elie "was the only defendant at the trial, that based on the [jury] instructions that were given, malice may have been imputed to him because there were, according to the alleged facts, at least two perpetrators during this shooting."[2]

---

2      Defense counsel specifically referred to the court's instruction with CALJIC No. 2.11.5, which provides:  "There has been evidence in this case indicating that a person other than a defendant was or may have been involved in the crime for which that defendant is on trial.  [¶]  There may be many reasons why that person is not here on trial.  Therefore, do not speculate or guess as to why the other person is not being prosecuted in this trial or whether [he] has been or will be prosecuted.  Your [sole] duty is to decide whether the People have proved the guilt of [each] defendant on trial."

The court summarily denied the resentencing petition without issuing an order to show cause: "Mr. Elie has not shown that his conviction was based on him being an aider and abetter under the natural and probable consequences doctrine. The jury was not instructed to decide the attempted murder was the result of a target offense. [¶] The verdict forms clearly show that the jury found that the People have proven beyond a reasonable doubt that he was guilty of attempted murder and that he had—that he personally—intentionally personally discharged a firearm: To wit, a handgun, and proximately caused great bodily injury and death to a person other than an accomplice within the meaning of . . . section 12022.53[, subdivision] (d). [¶] The court record establishes the jury was instructed only as to the attempted murder being based on express malice aforethought. Based on the guilty verdict and the CALJIC [No.] 8.66[3] jury

The court also instructed the jury with CALJIC No. 17.00 as follows: "You must decide separately whether each of the defendants is guilty or not guilty. If you cannot agree upon a verdict as to [both] [all] the defendants, but do agree upon a verdict as to any one [or more] of them, you must render a verdict as to the one [or more] as to whom you agree."

3    The court instructed with CALJIC No. 8.66 as follows: "Defendant Chad Elie is accused in Counts 1 and 4 . . . of having committed the crime of attempted murder, in violation of sections 664 and 187 of the Penal Code. [¶] Every person who attempts to murder another human being is guilty of a violation of Penal Code sections 664 and 187. [¶] Murder is the unlawful killing of a human being with malice aforethought. [¶] In order to prove attempted murder, each of the following elements must be proved:

6

instruction, the jury clearly found that Mr. Elie harbored a specific intent to kill and was the person who personally used a firearm pursuant to CALJIC [No.] 17.19.[4]"

Elie appeals the summary denial order.

DISCUSSION

When a court determines whether a petitioner has stated a prima facie case for relief under section 1172.6, its review is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "Like the analogous prima facie inquiry in

---

1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being. [¶] In deciding whether or not such an act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the killing or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to kill another person will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to kill. The acts must be an immediate step in the present execution of the killing, the progress of which would be completed unless interrupted by some circumstances not intended in the original design."

4 The court instructed the jury with CALJIC No. 17.19 as follows: "It is alleged in Counts one, two, three, four and five that the defendant Chad Elie personally used a firearm during the commission of the crimes charged. [¶] If you find the defendant guilty of one or more of the crimes charged or an attempt to commit the crimes charged, you must determine whether the defendant personally used a firearm in the commission of those felonies. . . . [¶] The term 'personally used a firearm,' as used in this instruction, means that the defendant must have intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it. [¶] The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true."

habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*) Further, it must refrain from " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) However, "the court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931.)

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Section 1172.6 applies by its terms only to attempted murders based on the natural and probable consequences doctrine. (§ 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition"].) The court here did not instruct the jury on this doctrine. Rather, it instructed the jury with CALJIC No. 8.66 that to convict Elie of attempted murder it was required to find the "person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." It also instructed the jury with CALJIC No. 17.19 that the "defendant must have intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it." The court instructed the jury regarding aiding and abetting with CALJIC Nos. 3.00 and 3.01. But "[d]irect aiding and abetting remains a valid theory of attempted murder."

8

(*People v. Coley* (2022) 77 Cal.App.5th 539, 548; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 196-197.) Elie failed to make a prima facie showing that he was entitled to relief because the record of conviction demonstrates that he was convicted of attempted murder either as an actual perpetrator or a direct aider and abettor. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

Elie relies on *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) for his claim the record of conviction does not "conclusively establish that [he] harbored express or implied malice for attempted murder. Under the instructions given, the jury might have convicted [him] of attempted murder and found the firearm enhancement true as an aider and abettor." In *Langi*, the defendant was part of a group who accosted the victim with the purpose of robbing him. (*Langi, supra,* 73 Cal.App.5th at p. 975.) The confrontation ended in a fist fight, and the victim was killed by a blow to the head suffered after he was punched by one member of the group. (*Ibid.*) The defendant argued the jury could have found him guilty of aiding and abetting an implied malice murder "if it found that (1) the killing resulted from the actual killer's intentional act; (2) [defendant] aided and abetted that intentional act; and (3) the killer 'deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for, human life'—whether or not [defendant] knew of or consciously disregarded the danger to human life." (*Id.* at p. 981; see also *People v. Powell* (2021) 63 Cal.App.5th 689, 714-715.) The defendant argued "[t]he instructions thus permitted the jury to impute malice to [him] based solely on his participation in a crime, without having to find that he personally acted with malice." (*Langi*, at p. 981.) The Court of Appeal agreed and remanded to the trial court for a hearing on whether the defendant could be convicted under the amended definition of murder. (*Id.* at p. 984.)

9

"Assuming that aiding and abetting an implied malice murder can involve the imputation of malice based on participation in a crime even when no instructions have been given on the natural and probable consequences doctrine, *Langi*[*, supra,* 73 Cal.App.5th 972] does not apply because that case involves *implied* malice." (*People v. Coley, supra,* 77 Cal.App.5th at p. 547.) Here, by contrast, as stated, under the instructions given, Elie was convicted under an express malice theory. The court therefore did not err in denying his resentencing petition at the prima facie stage.

DISPOSITION

The order denying Elie's section 1172.6 petition is affirmed.


                                                              O'ROURKE, Acting P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.


11